David Crain Voss Jr.  SBN 147330
VOSS SILVERMAN AND BRAYBROOKE, LLP
4640 Admiralty Way Ste 800,
Marina Del Rey, CA 90292
Telephone: (310) 306-0515

Attorneys for Plaintiff, SARA ARAD

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>RON S. ARAD,<br><br>Debtor | **Bk Case No: #8:18-10486-TA**<br>**Chapter 7**<br>**(converted from 11)**<br>**Adversary No. TBD**<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF FIDUCIARY DUTY, UNJUST ENRICHMENT/IMPOSITION OF A CONSTRUCTIVE TRUST AND ACCOUNTING |
| SARA ARAD, individually,<br><br>v.<br><br>WENETA KOSMALA, in her capacity as Chapter 7 Trustee of the Estate of Ron S. Arad, and DOES 1-25, inclusive. | **DATE:** [no hearing date set]<br>**TIME:**<br>**PLACE:** |

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF FIDUCIARY DUTY, UNJUST
ENRICHMENTAND AN ACCOUNTING
Page 1 of 13

COMES NOW, Plaintiff SARA ARAD by and through her attorneys, VOSS, SILVERMAN AND BRAYBROOKE, LLP, to complain and state as follows:

## PARTIES

1. Plaintiff SARA ARAD was the owner of certain real property that was sold in the bankruptcy of RON S. ARAD, identified as 841 N. Orange, La Habra, CA 90631 (hereafter "La Habra").

2. Defendant WENETA E. KOSMALA is, and at all times relevant has been, the Chapter 7 Trustee for the Bankruptcy Estate of Ron S. Arad, which is pending in the Bankruptcy Court for the Central District of California, and which is identified as Bankruptcy Case number 8:18-10486-TA.

## JURISDICTION

3. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. §363; this matter is a core proceeding.

4. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as DOES 1-100, inclusive, are currently unknown to PLAINTTFF, who therefore sues said Defendants by such fictitious names and PLAINTIFF will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained. PLAINTIFF is informed and believes and based thereon alleges that each of the Defendants

designated as a DOE is legal responsible in some manner for the events and happenings referred to herein and caused damage proximately caused thereby to PLAINTIFF as alleged herein. PLAINTIFF is informed and believes that each DOE Defendant was responsible in some maimer for the occurrences and injuries alleged in this Complaint.

5.    At all times relevant herein, each of the Defendants, including the DOE Defendants was the agent, employ or servant of each of the remaining Defendants, and in doing the things alleged herein, was acting with the course and scope of such agency, employment and servitude with the knowledge and consent of each of the Defendants.

## **PRELIMINARY STATEMENT OF FACTS**

6.    SARA has been an owner of La Habra since its purchase by her, Ron Arad (the Debtor herein) and Reuven Arad in 2008.

7.    Each of the owners, including SARA ownership, had a one third ownership interest in the La Habra property as tenants in common.

8.    SARA'S son and co-owner, Debtor Ron S. Arad filed for bankruptcy protection under Chapter 11 on February 14, 2018.

9.    Ron Arad successfully moved the Court for the sale of the La Habra property pursuant to a stipulation that required:

> "4. The net proceeds of sale after taking the deductions in Paragraph 1, above, shall be placed into a blocked and frozen account with no distributions from thataccount without further order of the Court;
> 
> 5. The Court makes no findings as to the percentage ownership that each co-owner has in the Apartment House, and defers that determination to a later unspecified date.
> 
> 6. The sale is free and clear of the claims of co-owners, and of the following liens and encumbrances, each of whom shall retain their interest in the net proceeds of sale referred to in Paragraph 1 to the same extent, validity and priority as they had against the Apartment House prior to the sale."

10. On July 28, 2018, the La Habra property sale closed, and generated $741,421.66, which was placed in a blocked account at City National Bank.

11. The Internal Revenue Service filed a Motion for Summary Judgment on February 17, 2022 (Adv. Dkt.. No 202).

12. The IRS prevailed on its Summary Judgment motion and summary judgment was entered on June 7, 2022 (Adv. Dkt. No 242).

13. The Summary Judgment adopted the unopposed pre-trial Stipulation of Facts and Law which was filed on January 13, 2022 (Adv. Dkt No. 197) of the IRS.

14. The Summary Judgment determined that each owner possessed a 1/3 ownership interest in the La Habra property, which entitled each owner to $247,140.55.

15. There is no dispute that the bankruptcy estate received (and has spent) its $247,140.55.

16. There is no dispute that the Internal Revenue Service has received the entirety of Reuven Arad's 1/3 interest.

17. There is no dispute that SARA has not received any distribution for her share of the La Habra proceeds.

18. On October 12, 2022, Counsel for Plaintiff sent a demand letter to the Trustee seeking the release of SARA'S distribution.

19. The Trustee, despite the fact that the other two co-owners have already received their distribution, has failed and refused to distribute SARA's proceeds.

20. Instead, the Trustee has taken the position that there are not sufficient funds to pay ANY of SARA's distribution left in the estate, despite the fact that SARA has never waived her right to collect her distribution as a co-owner.

21. In fact, the Trustee has stated, in her most recent Motion, that the estate is left with only $214, 228.78 in its bank account, which is less than the amount necessary to make SARA whole for her undistributed share of the La

Habra property- despite the fact that the other two co-owners have received their distribution in full (Reuven's distribution went entirely to the IRS as and for payment of his outstanding tax liens).

22. Even more egregiously, the Trustee has sought to have the amount remaining in the Debtor's bank account earmarked as property of the bankruptcy estate and/or creditors instead of paying it as a distribution to SARA.

23. As set forth below, the current motion by the Trustee would leave SARA, who is a co-owner, without any recovery from the proceeds of sale while the other two co-owners have already received the entirety of the distribution to which they were entitled for their ownership of La Habra.

## **FIRST CAUSE OF ACTION**

### **For Declaratory Relief**

24. SARA herein incorporates the allegations contained in Paragraphs 1-23, above, as though fully alleged herein.

25. At all times relevant, SARA was the owner of a 1/3 interest in the La Habra property. IRS Summary Judgment.

26. The sales proceeds of La Habra were placed into a joint account, under the name of the Debtor in Possession pursuant to the Partial Summary Judgment approving the sale of La Habra.

27. The Partial Summary Judgment stated, in pertinent part that the proceeds attributable to the ownership interests of the SARA, the Debtor and Reuven:

> "4. …shall be placed into a blocked and frozen account with no distributions from that account without further order of the Court;
>
> 5. The Court makes no findings as to the percentage ownership that each co-owner has in the Apartment House, and defers that determination to a later unspecified date.
>
> 6. The sale is free and clear of the claims of co-owners, and of the following liens and encumbrances, each of whom shall retain their interest in the net proceeds of sale referred to in Paragraph 1 to the same extent, validity and priority as they had against the Apartment House prior to the sale"  [Doc 59, lines 16-28].

28. The Court has determined that SARA, the Debtor and Reuven each owned an undivided 1/3 interest in La Habra as tenants in common.  IRS Summary Judgment.

29. The bankruptcy estate received the full benefit of the Debtor's share of the sales proceeds when the proceeds were first put in the joint account.

30. The Court ordered the Trustee to pay the entirety of Reuven Arad's share of the proceeds from La Habra to the Internal Revenue Service as payment for tax liens that were solely the responsibility of Reuven.

31. SARA has not received ANY distribution of sales proceeds attributable to the sale of La Habra.

32. The Partial Summary Judgment approving the sale of La Habra provided that the sale was made pursuant to 11 U.S.C. Section 363 (h). Adversary 1080 Doc. 23, p.8, lines 15-16].

33. 11 U.S.C. Section 363(i) contains a mandatory requirement that the Trustee shall distribute the proceeds from the sale of a co-owners following any sale. It reads, in pertinent part:

> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

34. SARA's proceeds from co-ownership are not property of the bankruptcy estate. 11 U.S.C. Section 541.

35. Despite the affirmative requirement to pay SARA her proceeds, the Trustee has failed and refused to undertake the necessary step to fulfill that duty; specifically, the Trustee has failed and refused to obtain (or even seek) a court order authorizing that payment, as required by the Partial Summary Judgment approving the sale of La Habra.

36. Therefore, SARA seeks declaratory relief that she is immediately entitled to the sum of $247,140.55 from the Chapter 7 Trustee as and for her distribution for her 1/3 ownership interest in the La Habra property.

## SECOND CAUSE OF ACTION

## For A Breach of Fiduciary Duty

37. SARA herein incorporates the allegations contained in Paragraphs 1-36, above, as though fully alleged herein.

38. The Chapter 7 Trustee is a fiduciary of the creditors and co-owners of the state for which they hold funds. In re AFI Holding, Inc., 530 F.3d 832, 844 (9th Cir. 2008); See, also, In re Cochise College Park, Inc., 703 F.2d 1339, 1357 (9th Cir. 1983) (discussing that a bankruptcy trustee is a fiduciary of each creditor or beneficiary of the estate).

39. As a fiduciary of the SARA, the Chapter 7 Trustee had an affirmative duty to seek approval of SARA's portion of the sales proceeds following the sale of La Habra.

40. SARA's counsel made a demand for the distribution of the La Habra sales proceeds attributable to her.

41. The demand by SARA's counsel was rejected.

42. The bankruptcy estate does not even have sufficient funds to pay SARA's distribution.

43. Notwithstanding the fact that the bankruptcy estate does not have sufficient funds to pay Sara's portion of the distribution, the Chapter 7 Trustee is seeking to characterize the funds remaining in the joint account as property of the bankruptcy estate.

44. The remaining funds in the bankruptcy estate must rightfully belong to SARA, since her property could never properly be considered as property of the bankruptcy estate and because SARA's distribution from La Habra has never been made even though it was placed in the estate's bank account.

45. The Trustee has breached her fiduciary duty by seeking to mischaracterize the funds remaining in the bankruptcy estate as an asset of the bankruptcy estate and by failing to undertake all actions necessary to fulfill her requirement to distribute SARA's share of the La Habra proceeds.

### THIRD CAUSE OF ACTION

### For Unjust Enrichment/ Imposition of A Constructive Trust

46. SARA herein incorporates the allegations contained in Paragraphs 1-48, above, as though fully alleged herein.

47. SARA's proceeds from the sale of La Habra should have been earmarked and held by the Trustee as her fiduciary.

48. Instead, the Trustee has asserted an entitlement to and exercised dominion over, SARA's sale proceeds by claiming that SARA's proceeds are property of the bankruptcy estate.

49. The Trustee's position that the remaining funds on hand in the estate bank account are property of the estate has resulted in the unjust enrichment of the estate.

50. Since SARA's property rights are determined by California law, *supra,* California Civil Code Sections 2223 and 2224 apply.

51. California Civil Code Section 2223 provides that "one who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner."

52. California Civil Code Section 2224 provides that "one who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

53. The Trustee has acquired her alleged interest in SARA's property by breaching her fiduciary duty.

54. SARA is, therefore, entitled to the imposition of a constructive trust over the remaining balance in the estate's bank account under both <u>California Civil Code Sections 2223 and 2224</u>.

55. SARA is entitled to such a constructive trust because the remaining funds in the Trustee's account must belong to her, since the sales proceeds have already been distributed to her other co-owners and because there is less than the amount owing to SARA left in the estate's account.

## **FOURTH CAUSE OF ACTION**

## **For An Accounting**

56. SARA herein incorporates the allegations contained in Paragraphs 1-15 as though fully alleged herein.

57. Pursuant to 11 U.S.C. Section 704(a)(2), the Trustee is required to be accountable for all property received.

58. Based upon the Motion to Approve the 9019 Compromise, the Trustee is not in possession of sufficient funds from which to pay the entirety of the distribution to SARA for her percentage ownership of La Habra.

59. SARA is entitled to an accounting in order to determine where her funds were improperly expended, and to whom.

//

//

WHEREFORE, Plaintiff SARA ARAD does hereby pray for relief as follows:

1. For a determination and a judgment by the Court that the SARA is entitled to a distribution from the bankruptcy estate in the amount of  for her 1/3 interest in the La Habra property..

2. For a determination and a judgment by the Court that the Chapter 7 Trustee has breached her fiduciary duty to SARA by mischaracterizing the balance remaining in the joint account as property of the bankruptcy estate and by failing to seek Court permission to authorize the distribution of SARA's share of the La Habra proceeds,

3. For the Imposition of a Constructive Trust benefitting SARA with respect to the funds remaining in the bankruptcy estate's account;

4. For an accounting; and,

5. For such other relief as this Court might find just and equitable.

DATED:   3/20/2023            VOSS SILVERMAN AND BRAYBROOKE, LLP


                    ___/s/ David C. Voss, Jr.__
                    David Crain Voss, Jr., Esq.
                    Attorneys for Plaintiff,
                    SARA ARAD

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF FIDUCIARY DUTY, UNJUST ENRICHMENTAND AN ACCOUNTING